FILED
2020 Aug-12  PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Spencer Winston, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| I.C. System, Inc., a Minnesota corporation, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Spencer Winston, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3.      Plaintiff, Spencer Winston ("Winston"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect defaulted consumer debts that he allegedly owed for pet care.

4.      Defendant, I.C. System, Inc. ("ICS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts

that it did not originate. ICS operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant ICS was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5.      Defendant ICS is authorized to conduct business in the State of Alabama and maintains a registered agent here, <u>see</u>, record from the Alabama Secretary of State, attached as Exhibit <u>A</u>. In fact, Defendant ICS conducts business in Alabama.

**FACTUAL ALLEGATIONS**

6.      Due to financial difficulties, Plaintiff was unable to pay his debts, including consumer debts he allegedly owed to Banfield Pet Hospital. Defendant ICS attempted to collect these debts from him via negative credit reports. Unsure of the debts and unsure about ICS, Mr. Winston consulted with counsel about his debt issues and the debts that ICS was trying to collect.

7.      Accordingly, Mr. Winston's attorney wrote to Defendant ICS, via letters dated May 29, 2020 and June 3, 2020, to dispute the debts that ICS was trying to collect. Copies of these letters are attached as Group Exhibit <u>B</u>.

8.      On July 28, 2020, Mr. Winston obtained and reviewed copies of his TransUnion and Experian credit reports, which showed that Defendant ICS had continued to report the debts he allegedly owed to Banfield Pet Hospital, but had failed to note that the debts were disputed. The pertinent part of Mr. Winston's TransUnion and Experian credit reports are attached as Group Exhibit <u>C</u>.

9.      Defendant's violations of the FDCPA were material because Defendant's failure to note that the debts were disputed when Defendant reported, or continued to

report, the debts on Plaintiff's credit report impaired his credit rating and his ability to

obtain credit. Moreover, Defendant's failure to note, when reporting the debts on

Plaintiff's credit report, that it was disputed, made it appear to Plaintiff that he did not

actually have the right to dispute the debts. Defendant's collection actions alarmed,

confused and distressed Mr. Winston, and impacted his credit score.

10.     All of Defendant's collection actions at issue in this matter occurred within

one year of the date of this Complaint.

11.     Defendant's collection communications are to be interpreted under the

"least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168,

1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194

(11th Cir. 2010).

### COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representations

12.     Plaintiff adopts and realleges ¶¶ 1-11.

13.     Section 1692e of the FDCPA prohibits debt collectors from using any

false, deceptive or misleading means to collect or attempt to collect a debt, including,

but not limited to, communicating or threatening to communicate to any person credit

information which is known or which should be known to be false, including the failure to

communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the

following conduct is a violation of this section…including the failure to communicate that

a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337,

346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th

Cir. 2017); and <u>Brady v. Credit Recovery</u>, 160 F.3d 64, 65 (1st Cir. 1998).

14.     Defendant, by continuing to report the debts to credit reporting agencies, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

15.     Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

16.     Plaintiff adopts and realleges ¶¶ 1-11.

17.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

18.     Defendant, by continuing to report the debts to the credit reporting agencies, when it knew the debts were disputed by Plaintiff, and failing to report that the debts were disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

19.     Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Spencer Winston, prays that this Court:

1.      Find that Defendant's collection practices violate the FDCPA;

2.      Enter judgment in favor of Plaintiff Winston, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Spencer Winston, demands trial by jury.

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

By: /s/ Ronald C. Sykstus_____
One of Plaintiff's Attorneys

Dated: August 12, 2020

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps      (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
    & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com